## KAUCHER v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   April 21, 1911.)

MUNICIPAL CORPORATIONS (§ 819*)—DEFECTIVE STREETS—INJURY TO DRIVER—
    CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.
        Evidence in an action against a city for death of a driver, jolted from
    his wagon by a defect in a street, *held* insufficient to show his freedom
    from contributory negligence.

        [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
    819.*]

Appeal from Trial Term, New York County.

Action by Christina Kaucher, as administratrix of Charles Kaucher, deceased, against the City of New York.   From a judgment for plaintiff, and from an order refusing a new trial, defendant appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Loyal Leale, for appellant.
Sydney A. Syme, for respondent.

MILLER, J.   The plaintiff's intestate fell from a high seat in the front of the brewery wagon, which he was employed to drive, and received injuries resulting in his death.   He had left his horses standing by the curb in one of the defendant's streets, and in undertaking to get upon the seat on his return, he had started up the team just as, or before, he had succeeded in doing so.   The horses had taken but a few steps, when the wagon wheels passed over an uneven surface, and he fell, or was thrown off, presumably because of the jolt of the wagon.   The defect complained of is described as an uneven, convex surface, three feet wide, six or seven feet long across the street, and six or seven inches at the highest point above the natural level of the street.   An opening had evidently been made in the pavement and carelessly filled up; the paving blocks being thrown back indiscriminately and not put back in place.

It may be assumed that the defendant was negligent, but the evidence falls short of proving freedom from contributory negligence on the part of the said intestate.   Any uneven surface might cause a jolt sufficient to throw a person from the high seat of a brewery wagon such as is commonly observed on the streets, and a person in that position needs to be attentive and firmly in his seat.   According to the evidence of the only witness for the plaintiff who saw the accident, it is doubtful whether the deceased was securely seated before he started the team.   She testified:

"The man was seated; partly seated. * * * He had fully gotten into the seat, and was leaning forward."

According to the evidence of the defendant's witnesses, he fell off while attempting to gain the seat.   At any rate, it is not likely that he

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would have fallen if securely in his seat and attentive to where he was driving, and it cannot be assumed, in the absence of proof, that he was exercising proper care.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.